IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| MICFO, LLC, | ) | Civil Action No. 2:18-cv-01653-DCN |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | COMPLAINT |
| | ) | |
| ERINN LARKIN and VICTORIA LATHAM, | ) | Jury Trial Requested |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Micfo, LLC ("Micfo"), by and through its undersigned counsel, files this Complaint against Defendant Erinn Larkin ("Larkin") and Defendant Victoria Latham ("Latham," collectively with Larkin, the "Defendants") and alleges as follows:

**PARTIES, JURISDICTION, & VENUE**

1.  Micfo, a limited liability company organized under the laws of the state of Nevada, is an infrastructure as a service (IaaS) provider headquartered in Charleston, South Carolina.

2.  Larkin, a South Carolina resident who is domiciled in Charleston County, South Carolina, is a former employee of Micfo.

3.  Latham, a South Carolina resident who is domiciled in Charleston County, South Carolina, is a former employee of Micfo.

4.  Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over Micfo's claims of misappropriation of trade secrets under the Defend Trade Secrets Act of 2016, 18 U.S.C. §§ 1836 *et seq*., and copyright infringement under the U.S. Copyright Act, 17 U.S.C. §§ 101 *et seq*.

5. Pursuant to 28 U.S.C § 1367, this Court has supplemental jurisdiction over Micfo's remaining claims because they are so related to the claims brought under the Defend Trade Secrets Act of 2016, 18 U.S.C. Ann. §§ 1836 *et seq.*, and U.S. Copyright Act, 17 U.S.C. §§ 101 *et seq.*, that they form part of the same case or controversy under Article III of the United States Constitution.

6. Pursuant to 28 U.S.C. § 1391, venue is proper because the Defendants reside, and the events giving rise to Micfo's claims occurred, in the judicial district of the District of South Carolina.

**FACTS**

7. Founded in 1999, Micfo is a leading IaaS provider operating one of the largest networks of globally dispersed cloud platforms for fog and edge applications.

8. Fog and edge computing refers to cloud hosted manufacturing and automation applications and networks in the Internet of Things (IoT) that collect, analyze, and process data from these internet-enabled assets more efficiently than traditional cloud architecture. Micfo is constantly striving to achieve key competitive advantages and market differentiation through intelligent expansion of its technologically superior IaaS platforms and services.

9. As a leading IaaS provider, Micfo's property necessarily includes information, data, and computer files that consist of or otherwise contain highly sensitive, confidential, and proprietary information that would be valuable to competitors and others.

10. As a condition of employment, Micfo's employees are expected to comply with Micfo's policies and procedures, including Micfo's policy of confidentiality, under which employees are expected to treat confidential information as confidential and abide by any confidentiality agreement executed by the employee, Micfo's policy that employees are expected

to use company resources appropriately, Micfo's policy that employees are expected to act in an ethical manner in all business dealings, and Micfo's policy that Micfo's property, information, and business opportunities may not be used by employees for personal gain.

### *Erinn Larkin*

11. Larkin began her employment with Micfo on or about December 27, 2016, as People Operations Manager.

12. Prior to taking her position, Larkin executed an offer of employment letter accepting the position of People Operations Manager, including the responsibility of maintaining the confidentiality of all personnel and financial information at all times, and agreeing to abide by the policies and procedures of Micfo.

13. As a condition of her employment, Larkin also executed a Confidentiality and Nondisclosure Agreement in December of 2016, thereby agreeing to hold Micfo's confidential information and trade secrets in strictest confidence, agreeing not to duplicate, distribute, disclose, or otherwise disseminate Micfo's confidential information and trade secrets, agreeing to surrender to Micfo, at Micfo's request or at the conclusion of Larkin's employment with Micfo, all of Micfo's confidential information and trade secrets which came into Larkin's possession by reason of her relationship with Micfo, and agreeing that a breach of any of the aforementioned covenants will result in irreparable harm to Micfo.

14. Larkin sent a resignation letter on May 1, 2018, initially setting a final employment date on May 15, 2018, and then sent a follow up email changing her last day with Micfo to May 3, 2018.

15. Prior to her resignation, it has now been uncovered that Larkin engaged in disloyal and unlawful acts, including, but not limited to:

a. Using a Micfo computer to access and download confidential electronic communications, which were then uploaded to a personal Google Drive account;

b. Using Micfo's employee portal to generate and download confidential information concerning Micfo's employees, which was then transferred a personal Google Drive account;

c. Downloading more than 1,000 of Micfo's employee human resource files, which include every current and past employee of Micfo, human resource forms and policies and then uploading those files to her personal Google Drive; and

d. Generating a backup of the files contained in the primary folder of her Micfo Google Drive which included, among other proprietary documents, Micfo's copyrighted business and marketing materials.

16. In contravention of the Confidentiality and Nondisclosure Agreement and her duties of loyalty to Micfo, Larkin misappropriated confidential documents and computer files of Micfo containing confidential, proprietary, and trade secret information.

17. Upon information and belief, Larkin misappropriated Micfo's confidential information and trade secrets so that she could access, retain, disclose, and use the information for her own benefit or the benefit of some entity or person other than Micfo.

18. Larkin covered the tracks of these unlawful and disloyal actions by deleting files that she downloaded, and by clearing her browsing history, internet cache and cookies.

19. On or about May 26, 2018, Micfo served Larkin with a letter demanding that she return the confidential and trade secret information and files she obtained from Micfo.

20. Larkin has refused to acknowledge, respond to, or comply with Micfo's demand.

*Victoria Latham*

21. Latham began her employment with Micfo on or about January 9, 2017 as Executive Assistant.

22. Prior to taking her position, Latham executed an offer of employment letter accepting the position of Executive Assistant and agreeing to abide by the policies and procedures of Micfo.

23. As a condition of her employment, Latham also executed a Confidentiality and Nondisclosure Agreement in December of 2016, thereby agreeing to hold Micfo's confidential information and trade secrets in strictest confidence, agreeing not to duplicate, distribute, disclose or otherwise disseminate Micfo's confidential information and trade secrets, agreeing to surrender to Micfo, at Micfo's request or at the conclusion of Latham's employment with Micfo, all of Micfo's confidential information and trade secrets which came into Latham's possession by reason of her relationship with Micfo, and agreeing that a breach of any of the aforementioned covenants will result in irreparable harm to Micfo.

24. As Micfo discovered disloyal and unlawful conduct of Larkin following Larkin's resignation, Micfo also discovered that Latham had been engaging in a course of disloyal and unlawful conduct against Micfo.

25. For example, Micfo discovered that in April of 2018, Latham:

   a. made unauthorized copies of Micfo's proprietary, confidential, copyrighted, and trade secret information and materials, including financial information, bank accounts, credit card details, electronic signatures, PayPal login, contracts, marketing collateral, corporate deck, brand book, and customer, prospective

customer lists and other extremely sensitive login credentials and uploaded the copies to her personal Google Drive;

b. made unauthorized copies of Micfo's affiliates' corporate details, financial information, bank accounts, credit card details, electronic signatures, PayPal login, and other extremely sensitive login credentials and uploaded the copies to her personal Google Drive; and

c. made unauthorized copies of Micfo's confidential electronic communications and uploaded the copies to her personal Google Drive.

26. In contravention of the Confidentiality and Nondisclosure Agreement and her duties of loyalty to Micfo, Latham misappropriated confidential documents and computer files of Micfo containing confidential, proprietary, and trade secret information.

27. Upon information and belief, Latham misappropriated Micfo's confidential information and trade secrets so that she could access, retain, disclose, and use the information for her own benefit or the benefit of some entity or person other than Micfo.

28. Latham also covered the tracks of these unlawful and disloyal actions by deleting files that she downloaded, and by clearing her browsing history, internet cache and cookies.

29. Latham's employment was terminated by Micfo on May 8, 2018.

30. After her termination, on or about May 24, 2018, Latham sent a text to Mr. Golestan demanding a meeting to "sit down and discuss" an unknown topic. Latham further stated "if I don't hear from you today on that, I will take your silence as intent and will unfortunately have to pursue an avenue that I do not wish to, but will."

31. On or about May 29, 2018, Micfo served Latham with a letter demanding that she return the confidential and trade secret information and files she obtained from Micfo.

32. Like Larkin, Latham has refused to acknowledge, respond to, or comply with Micfo's demand.

**FOR A FIRST CAUSE OF ACTION AGAINST BOTH DEFENDANTS**
**(Violation of the Defend Trade Secrets Act)**

33. Micfo incorporates paragraphs 1 through 32 of this Complaint as if fully restated herein.

34. The information, documents and electronic files of Micfo that Larkin and Latham misappropriated contain or constitute trade secret information under federal law because the information derives economic value from not being generally known to, and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure and use.

35. The information and computer files of Micfo that Larkin and Latham misappropriated relate to Micfo's IaaS business and its affiliates' business, which operate and are used in interstate commerce.

36. The information and computer files of Micfo that Larkin and Latham misappropriated are, and at all times have been, the subject of Micfo's reasonable efforts to maintain its secrecy.

37. Larkin and Latham each knew, or should reasonably have known from the circumstances, of the existence of Micfo's trade secrets.

38. Larkin and Latham had and continue to have a duty to refrain from using or disclosing Micfo's trade secrets with Micfo's permission. This duty is independent of and in addition to the Confidentiality and Nondisclosure Agreement to which Larkin and Latham are bound.

39. Micfo has and will sustain irreparable harm, for which there is and will be no adequate remedy at law, as a direct and proximate result of Larkin's and Latham's misappropriation of Micfo's trade secrets.

40. Accordingly, Micfo is entitled to injunctive relief including, but not limited to, an order (a) prohibiting Larkin and Latham from making any use or disclosure of Micfo's trade secret information; (b) requiring the return to Micfo of all of Micfo's trade secret information that Larkin and/or Latham misappropriated, in whatever form, and all copies and derivatives of the same; and (c) if Micfo's trade secret information is or was contained on a computer disc, hard drive, flash drive or other electronic storage means in the possession, custody, or control of Larkin and/or Latham, requiring said disk, hard drive, flash drive or other electronic storage means to be delivered to Micfo, or if Micfo's trade secret information was uploaded or transferred to cloud storage, requiring Larkin and/or Latham provide the username and password to such accounts so that Micfo can investigate and regain control of such digital trade secret information.

41. Micfo is also entitled to recover damages from Latham and Larkin for their respective conduct including, without limitation, actual damages for the misappropriation of trade secret information or the unjust enrichment caused by the misappropriation, or damages measured in terms of a reasonable royalty for the unauthorized use or disclosure of a trade secret.

**FOR A SECOND CAUSE OF ACTION AGAINST BOTH DEFENDANTS**
**(Violation of South Carolina Uniform Trade Secrets Act)**

42. Micfo incorporates paragraphs 1 through 41 of this Complaint as if fully restated herein.

43. The information and computer files of Micfo that Larkin and Latham misappropriated contain or constitute trade secret information under South Carolina law because the information derives economic value from not being generally known to, and not being readily

8

ascertainable by proper means by other persons who can obtain economic value from its disclosure and use.

48. The information and computer files of Micfo that Larkin and Latham misappropriated are, and at all times have been, the subject of Micfo's reasonable efforts to maintain its secrecy.

45. Larkin and Latham each knew, or should reasonably have known from the circumstances, of the existence of Micfo's trade secrets.

46. Larkin and Latham had and continue to have a duty to refrain from using or disclosing Micfo's trade secrets without Micfo's permission. This duty is independent of and in addition to the Confidentiality and Nondisclosure Agreement to which Larkin and Latham are bound.

47. Micfo has and will sustain irreparable harm, for which there is and will be no adequate remedy at law, as a direct and proximate result of Larkin's and Latham's misappropriation of Micfo's trade secrets.

48. Accordingly, Micfo is entitled to injunctive relief including, but not limited to, an order (a) prohibiting Larkin and Latham from making any use or disclosure of Micfo's trade secret information; (b) requiring the return to Micfo of all of Micfo's trade secret information that Larkin and/or Latham misappropriated, in whatever form, and all copies and derivatives of the same; and (c) if Micfo's trade secret information is or was contained on a computer disc, hard drive, flash drive or other electronic storage means in the possession, custody, or control of Larkin and/or Latham, requiring said disk, hard drive, flash drive or other electronic storage means to be delivered to Micfo, or if Micfo's trade secret information was uploaded or transferred to cloud

storage, requiring Larkin and/or Latham provide the username and password to such accounts so that Micfo can investigate and regain control of such digital trade secret information.

49. Micfo is also entitled to recover damages from Latham and Larkin for their respective conduct including, without limitation, actual damages for the misappropriation of trade secret information or the unjust enrichment caused by the misappropriation, or damages measured in terms of a reasonable royalty for the unauthorized use or disclosure of a trade secret.

50. In addition, Micfo is entitled to exemplary damages and the recovery of reasonable attorneys' fees from Larkin and from Latham because Larkin's and Latham's respective misappropriation of trade secrets was done willfully and maliciously and in bad faith.

### FOR A THIRD CAUSE OF ACTION AGAINST BOTH DEFENDANTS
#### (Violation of the U.S. Copyright Act)

51. Micfo incorporates paragraphs 1 through 50 of this Complaint as if fully restated herein.

52. Included in the computer files misappropriated and reproduced by Latham and Larkin were original works of Micfo. Specifically, among other original works taken Latham copied and distributed a PowerPoint presentation entitled "The Micfo Blueprint" and Larkin copied and distributed a PowerPoint presentation entitled "Micfo Overview".

53. The Micfo Blueprint and Micfo Overview are original, creative works of authorship that constitutes copyrightable subject matter under the Copyright Act, 17 U.S.C. § 101 *et seq*. At all relevant times, Micfo has owned all applicable right, title and interest in and to these works, and Micfo has applied for registration of copyrights in the Micfo Blueprint and the Micfo Overview.

54. Defendants have infringed and are continuing to infringe on copyrights in the Micfo Blueprint and Micfo Overview by, among other things, distributing and copying these works

without Micfo's authorization. Defendants have violated and are violating Micfo's exclusive rights under 17 U.S.C. § 106. Micfo is informed and believes, and thereupon alleges, that such infringement has been deliberate and willful.

55. As a direct and proximate result of Defendants' infringement, Micfo has suffered, and will continue to suffer, actual damages. Micfo is entitled to its actual damages and any gains, profits and advantages obtained by Defendants as a result of their acts of infringement.

56. Micfo has no adequate remedy at law for the injuries currently being suffered, and the additional injuries that are threatened, by Defendants' infringement. Defendants will continue to engage in its wrongful conduct and Micfo will continue to suffer irreparable injury that cannot be adequately remedied at law unless Defendants are enjoined from engaging in any further such acts of infringement. Accordingly, Micfo is entitled to a permanent injunction restraining Defendants from engaging in any further such acts in violation of the United States copyright laws, pursuant to 17 U.S.C. § 502.

### FOR A FOURTH CAUSE OF ACTION AGAINST BOTH DEFENDANTS
### (Breach of Contract – Specific Performance of Surrender of Materials Clause)

57. Micfo incorporates paragraphs 1 through 56 of this Complaint as if fully restated herein.

58. The Confidentiality and Nondisclosure Agreement is a valid, binding, and enforceable contract between Micfo and Larkin and Micfo and Latham which contains a "Surrender of Materials" clause, under which Larkin and Latham are each required to surrender to Micfo, at Micfo's request or at the conclusion of their respective employment with Micfo, all of Micfo's confidential information and trade secrets which came into Larkin's or Latham's respective possession by reason of their relationship with Micfo.

59. Not only is the Surrender of Materials clause lawful, there is no fraud, accident, or mistake infecting the Confidentiality and Nondisclosure Agreement.

60. Larkin has in her possession Micfo's confidential information and trade secrets, which she obtained during her employment with Micfo. Larkin would not have been able to access Micfo's confidential information and trade secrets but for her employment relationship with Micfo.

61. Larkin has failed to surrender to Micfo all of Micfo's confidential information and trade secrets in her possession, despite the fact that Larkin's employment with Micfo has ceased and Micfo has requested the return of the information.

62. Larkin's failure to surrender to Micfo all of Micfo's confidential information and trade secrets which came into her possession as a result of her relationship with Micfo violates the Surrender of Materials clause of the Confidentiality and Nondisclosure Agreement and constitutes a breach of contract.

63. Latham has in her possession Micfo's confidential information and trade secrets, which she obtained during her employment with Micfo. Latham would not have been able to access Micfo's confidential information and trade secrets but for her employment relationship with Micfo.

64. Latham has failed to surrender to Micfo all of Micfo's confidential information and trade secrets in her possession, despite the fact that Latham's employment with Micfo has ceased and Micfo has requested the return of the information.

65. Latham's failure to surrender to Micfo all of Micfo's confidential information and trade secrets which came into her possession as a result of her relationship with Micfo violates the Surrender of Materials clause of the Confidentiality and Nondisclosure Agreement and constitutes a breach of contract.

66. Micfo's confidential information and trade secrets must be surrendered by Larkin and Latham to Micfo in order to comply with the Confidentiality and Nondisclosure Agreement, and in order for Micfo to maintain and protect its confidential information and trade secrets.

67. Micfo is without an adequate remedy at law for Larkin's and Latham's breaches of the Surrender of Materials clause of the Confidentiality and Nondisclosure Agreement. Larkin and Latham each acknowledged and agreed that a breach of a covenant of the Confidentiality and Nondisclosure Agreement would result in irreparable harm to Micfo for which there is no adequate remedy at law.

68. Rather, Micfo seeks specific performance by Larkin and Latham of the Surrender of Materials clause of the Confidentiality and Nondisclosure Agreement.

69. Specific performance of the Surrender of Materials clause of the Confidentiality and Nondisclosure Agreement is equitable between the parties.

### FOR A FIFTH CAUSE OF ACTION AGAINST BOTH DEFENDANTS
(Breach of Contract – Injunctive Relief & Damages)

70. Micfo incorporates paragraphs 1 through 69 of this Complaint as if fully restated herein.

71. The Confidentiality and Nondisclosure Agreement is a valid, binding, and enforceable contract between Micfo and Larkin and Micfo and Latham, under which Larkin and Latham are obligated to hold Micfo's confidential information and trade secrets in strictest of confidence; obligated not to use, duplicate, reproduce, distribute, disclose or otherwise disseminate Micfo's confidential information and trade secrets; and obligated not to take any action causing Micfo's confidential information and trade secrets to cease qualifying as such.

72. Larkin's and Latham's contractual obligations under the Confidentiality and Nondisclosure Agreement exist not only during their respective employment with Micfo, but also after their respective employment with Micfo ceased.

73. Larkin's disloyal and unlawful acts during her employment with Micfo, which are alleged in paragraphs 15-20 above, were in violation of Larkin's obligations under the Confidentiality and Nondisclosure Agreement and constitute a breach of contract.

74. Latham's disloyal and unlawful acts during her employment with Micfo, which are alleged in paragraphs 25-32 above, were in violation of Latham's obligations under the Confidentiality and Nondisclosure Agreement and constitute a breach of contract.

75. Micfo has and will sustain irreparable harm, for which there is and will be no adequate remedy at law, as a direct and proximate result of Larkin's and Latham's breaches of the Confidentiality and Nondisclosure Agreement. Larkin and Latham each acknowledged and agreed that a breach of a covenant of the Confidentiality and Nondisclosure Agreement would result in irreparable harm to Micfo for which there is no adequate remedy at law.

76. Accordingly, Micfo is entitled to injunctive relief including, but not limited to, an order (a) prohibiting Larkin and Latham from making any use or disclosure of Micfo's trade secret information; (b) requiring the return to Micfo of all of Micfo's trade secret information that Larkin and/or Latham misappropriated, in whatever form, and all copies and derivatives of the same; and (c) if Micfo's trade secret information is or was contained on a computer disc, hard drive, flash drive or other electronic storage means in the possession, custody, or control of Larkin and/or Latham, requiring said disk, hard drive, flash drive or other electronic storage means to be delivered to Micfo, or if Micfo's trade secret information was uploaded or transferred to cloud

storage, requiring Larkin and/or Latham provide the user name and password to such accounts so that Micfo can investigate and regain control of such digital trade secret information.

77. In addition, Micfo has and will continue to suffer actual and consequential damages as a result of Larkin's and Latham's breaches of the Confidentiality and Nondisclosure Agreement and Micfo is entitled to an award of damages against Larkin and Latham.

### FOR A SIXTH CAUSE OF ACTION AGAINST BOTH DEFENDANTS
### (Breach of Contract Accompanied by a Fraudulent Act)

78. Micfo incorporates paragraphs 1 through 77 of this Complaint as if fully restated herein.

79. As alleged above, Larkin and Latham have each breached the Confidentiality and Nondisclosure Agreement, a valid, binding, and enforceable contract between Micfo and Latham and Micfo and Larkin.

80. Larkin and Latham's breaches of the Confidentiality and Nondisclosure Agreement, which were willful, knowing, and malicious, were accomplished with fraudulent intent.

81. Further, Larkin and Latham each attempted to hide from Micfo their breaches of the Confidentiality and Nondisclosure Agreement.

82. Larkin and Latham's surreptitious downloading, copying, and sharing Micfo's confidential information and trade secrets are willful and wanton acts characterized by dishonesty in fact and unfair dealing.

83. In addition, Larkin and Latham were working together to obtain such confidential information and trade secrets culminating in a threat by Latham to "pursue" an undisclosed course of action or disclosure.

84. Accordingly, in addition to the relief in the form of actual and consequential damages for breach of contract, Micfo is entitled to an award of punitive damages against both Larkin and Latham.

### FOR A SEVENTH CAUSE OF ACTION AGAINST BOTH DEFENDANTS
### (Civil Conspiracy)

85. Micfo incorporates paragraphs 1 through 84 of this Complaint as if fully restated herein.

86. Larkin and Latham, individually or in concert with each other, agreed and acted together with one or more unnamed co-conspirators to misappropriate Micfo's confidential information and trade secrets and other acts which harmed Micfo.

87. Larkin, Latham, and the co-conspirator(s) acted, upon information and belief, with the purpose and intent of injuring Micfo.

88. While the scope of damages is unable to be determined at this time, the civil conspiracy engaged in between Larkin, Latham, and one or more co-conspirators proximately caused special damages to Micfo, including, for example, competitive harm and lost profits, diminished value of confidential information and trade secrets, and exposure to blackmail or claims by third parties with interests in the exposed data.

### FOR AN EIGHTH CAUSE OF ACTION AGAINST BOTH DEFENDANTS
### (Negligence *per se*)

89. Micfo incorporates paragraphs 1 through 88 of this Complaint as if fully restated herein.

90. The South Carolina Computer Crime Act, S.C. Code Ann. § 16-16-10, et seq., ("SCCC") prohibits a person from willfully, knowingly, maliciously, and without authorization or for an unauthorized purpose accessing or causing to be accessed a computer, computer system, or

computer network for the purpose of devising or executing a scheme or artifice to defraud, obtaining money, property, or services by means of false or fraudulent pretenses, representations, or promises, or committing any other crime.

91. The essential purpose of this statute is to protect computer owners from having their information, data, and files from being misappropriated.

92. Micfo, who is a member of the class of persons SCCC is intended to protect, has had its confidential information and trade secrets misappropriated as a result of Larkin's and Latham's willful, knowing, malicious, and unauthorized access of Micfo's confidential information and computer files.

93. Latham and Larkin each owe Micfo a duty not to violate SCCC.

94. Larkin violated the SCCC by willfully, knowingly, maliciously, and without authorization, or otherwise for an authorized purpose, accessing and taking Micfo's confidential information and trade secrets which were securely housed on Micfo's network for the purpose of obtaining property through fraudulent and false pretenses and in violation of S.C. Code Ann. § 39-8-90 and 17 U.S.C. § 506(a).

95. In violating the SCCC, Larkin and Latham breached a duty of care owed to Micfo.

96. As a direct and proximate result of Larkin's and Latham's violations of SCCC, Micfo has suffered actual and consequential damages.

97. Larkin and Latham's surreptitious downloading, copying, and sharing Micfo's confidential information and trade secrets in violation of the SCCC are willful and wanton acts characterized by dishonesty in fact and unfair dealing. Accordingly, in addition to the relief in the form of actual and consequential damages, Micfo is entitled to an award of punitive damages against both Larkin and Latham.

## FOR A NINTH CAUSE OF ACTION AGAINST BOTH DEFENDANTS
### (Breach of Fiduciary Duty)

98. Micfo incorporates paragraphs 1 through 97 of this Complaint as if fully restated herein.

99. As the People Operations Manager (head of Human Resources) and Executive Assistant to Micfo's Executive Director, Larkin and Latham, respectively were provided significant access to Micfo's confidential information and trade secrets and greater document privileges than other Micfo employees.

100. Larkin and Latham were entrusted with special confidence by Micfo, so that the Defendants, in equity and good conscience, were bound to act in good faith and with due regard to the interests of Micfo.

101. Micfo has suffered actual and consequential damages as a direct and proximate result of Latham's and Larkin's breaches of fiduciary duty.

102. Both Larkin's and Latham's disloyal and unlawful acts that amount to a breach of fiduciary duty were willful and wanton, and in reckless disregard of the rights of Micfo. Accordingly, Micfo is entitled to an award of punitive damages against both Larkin and Latham.

## FOR A TENTH CAUSE OF ACTION AGAINST BOTH DEFENDANTS
### (Breach of the Duty of Loyalty)

103. Micfo incorporates paragraphs 1 through 102 of this Complaint as if fully restated herein.

104. Both Larkin and Latham, during their respective periods of employment with Micfo, owed Micfo a duty of loyalty to remain faithful to Micfo's interests and a duty not to do disloyal acts looking to future competition.

105. Larkin's disloyal and unlawful acts during her employment with Micfo, which are alleged in, *inter alia*, paragraph 15 above, breached Larkin's duties to Micfo.

106. Latham's disloyal and unlawful acts during her employment with Micfo, which are alleged in, *inter alia*, paragraph 25 above, breached Latham's duties to Micfo.

107. Micfo has suffered actual and consequential damages as a direct and proximate result of Latham's and Larkin's breaches of the duty of loyalty and duty not to do disloyal acts looking to future competition.

108. Both Larkin's and Latham's disloyal and unlawful acts during their respective periods of employment were willful and wanton, and in reckless disregard of the rights of Micfo. Accordingly, Micfo is entitled to an award of punitive damages against both Larkin and Latham.

WHEREFORE, Micfo prays for judgment in its favor and against Larkin and Latham providing the following relief:

(1) Granting expedited discovery and/or a preliminary injunction order (a) prohibiting Larkin and Latham from making any use or disclosure of Micfo's trade secret information; (b) requiring the return to Micfo of all of Micfo's trade secret information that Larkin and/or Latham misappropriated, in whatever form, and all copies and derivatives of the same; and (c) if Micfo's trade secret information is or was contained on a computer disc, hard drive, flash drive or other electronic storage means in the possession, custody, or control of Larkin and/or Latham, requiring said disk, hard drive, flash drive or other electronic storage means to be delivered to Micfo or if Micfo's trade secret information was uploaded or transferred to cloud storage, requiring Larkin and/or Latham provide the user name and password to such accounts so that Micfo can investigate and regain control of such digital trade secret information.

19

(2) Granting a permanent injunction order prohibiting Larkin and Latham from making any use or disclosure of Micfo's trade secret information;

(3) Awarding Micfo actual, consequential, incidental, statutory, and special damages;

(4) Awarding Micfo punitive damages;

(5) Awarding Micfo exemplary damages;

(6) Awarding Micfo its reasonable attorneys' fees;

(7) That pre- and post-judgment interest be awarded at the highest rates allowed by law on all amounts awarded to Micfo;

(8) Specific performance of the Defendants pursuant to the terms of the Confidentiality and Nondisclosure Agreement; and

(9) All other relief as this Court deems just and proper.

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: /s/ MERRITT G. ABNEY
    Merritt G. Abney
    Federal Bar No. 9413
    E-Mail: merritt.abney@nelsonmullins.com
    John C. McElwaine
    Federal Bar No. 6710
    E-Mail: john.mcelwaine@nelsonmullins.com
    M. Kathleen McTighe Mellen
    Federal Bar No. 11652
    E-Mail: katie.mellen@nelsonmullins.com
    151 Meeting Street / Sixth Floor
    Post Office Box 1806 (29402-1806)
    Charleston, SC  29401-2239
    (843) 853-5200

*Attorneys for Micfo, LLC*

Charleston, South Carolina
June 15, 2018