IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| MICFO, LLC, | CIVIL ACTION NO. 2:18-cv-01653-DCN |
| Plaintiff, | |
| v. | ANSWER, COUNTER-CLAIMS AND THIRD PARTY COMPLAINT FOR ERINN LARKIN |
| Victoria Latham and Erinn Larkin, | |
| Defendants, | |
| Erinn Larkin, | |
| Third-Party Plaintiff, | |
| v. | |
| Amir Golestan, individually, | |
| Third-Party Defendant. | |

COMES NOW DEFENDANT, Erinn Larkin, by and through its undersigned counsel, responds to the Plaintiff's complaint as follows:

1.      That each and every allegation contained in the Complaint of the Plaintiff against Defendant Erinn Larkin ("Larkin"), not hereinafter specifically admitted or denied, is hereby denied and strict proof is demanded thereof.

2.      Larkin lacks information or knowledge sufficient to form a belief as to Plaintiff's allegations contained in paragraphs 1, 3, 7, 8, 9, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32 and 99 of the Complaint. They are therefore denied and strict proof demanded thereof.

3.      Larkin admits the allegations contained in Paragraphs 2 and 11 of the Complaint.

4.      Paragraphs 4, 5, 6, 10, 17, 34, 35, 37, 38, 39, 40, 41, 43, 44, 45, 46, 47, 48, 49, 50, 52, 53, 54, 55, 56, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 71, 72, 73, 74, 75, 76, 77, 79, 80, 81, 82, 83, 84, 86, 87, 88, 90, 91, 92, 93, 94, 95, 96, 97, 99, 100, 101, 102, 104, 105, 106, 107 and 108 contain conclusions of law to which no response is required from Larkin. However, to the extent a response is required, or to the extent these paragraphs assert allegations of fact against Larkin, those allegations are denied and strict proof is demanded thereof.

5.      Paragraphs 15, 18, and 20 of the Complaint are denied and strict proof demanded thereof.

6.      Paragraphs 10, 12, 13, 14, 16, 19, 34, 35, 36, 44, 58, 71 and 79 of the Complaint refer to a specific document or set of documents which stand on their own and the contents of which are important to the facts in this matter. To the extent these paragraphs contain any allegation of fact, they are denied and strict proof is demanded thereof.

7.      Paragraphs 33, 42, 51, 57, 70, 78, 85, 89, 98 and 103 are inclusive paragraphs which require no response from Larkin, but to the extent they contain any allegations of fact against Larkin, they are denied and strict proof is demanded thereof.

**FOR A FIRST DEFENSE**

8.      That Larkin hereby gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery, and thus reserve the right to amend this Answer and Counterclaims to assert any such defense.

## FOR A SECOND DEFENSE

9.     Plaintiff's Complaint fails to state a claim upon which relief can be granted against Larkin and should be dismissed with prejudice under Federal Rule of Civil Procedure 12(b)(6).

## FOR A THIRD DEFENSE

10.     The injury or damage suffered by Plaintiff, if any, was due to and caused by and was the direct and proximate result of the negligence, willfulness, wantonness and recklessness of others over whom Larkin had no control, resulting directly and proximately in the damage of which Plaintiff complains and such constitutes a complete defense to all claims.

## FOR A FOURTH DEFENSE

11.     Plaintiff has breached the contract between the parties, and cannot now seek to enforce the terms thereof, and cannot recover the damages sought in the Complaint.

## FOR A FIFTH DEFENSE

12.     Some or all of Plaintiff's claims are barred because even if Larkin breached any contract or duty owed to Plaintiff (which Larkin denies), Plaintiff suffered no injury proximally caused by any action or breach of Larkin.

## FOR A SIXTH DEFENSE

13.     The injury or damage suffered by Plaintiff, if any, was due to and caused by and was the direct and proximate result of Plaintiff's own negligence, willfulness, wantonness and recklessness, resulting directly and proximately in the damage of which Plaintiff complains and such constitutes a complete defense to all claims..

### FOR A SEVENTH DEFENSE

14.     The relief sought by Plaintiff is barred in whole or in part because it is not available under the applicable Laws of the State of South Carolina or Federal Law.

### FOR AN EIGHTH DEFENSE

15.     Plaintiff is not entitled to an award of attorney's fees, costs, or expenses.

### FOR A NINTH DEFENSE

16.     To the extent Plaintiff seeks overlapping or duplicative recovery under the various claims for relief of any alleged single wrong Plaintiff must elect its remedy.

### FOR A TENTH DEFENSE

17.     Plaintiff's claims are barred in whole or in part by the equitable Doctrines of Laches, waiver, estoppel, and unclean hands.

### FOR AN ELEVENTH DEFENSE

18.     Larkin has not engaged in any unfair or deceptive practice or conduct, and therefore Plaintiff's claim for violation of the SC Unfair Trade Practices Act fails as a matter of law.

### FOR A TWELVFTH DEFENSE

19.     Plaintiff has failed to allege any adverse effect on the public interest as a result of the purported deceptive acts and practices of Larkin, which Larkin vigorously denies, and therefore, Plaintiff's claim for violation of the SC Unfair Trade Practices Act fails as a matter of law.

### FOR A THIRTEENTH DEFENSE

20.     No act or omission of Larkin, if any, was unconscionable, outrageous or extreme. Larkin did not engage in any misconduct that was willful, wanton or in reckless disregard of

Plaintiff's legal rights or the applicable law. Accordingly, Plaintiff's Complaint fails to state a claim upon which relief can be granted for punitive or extreme damages.

## FOR AN FOURTEENTH DEFENSE

21.     Plaintiff fails to state a claim upon which consequential damages, special damages and pre- or post-judgment interest may be awarded.

## FOR A FIFTEENTH DEFENSE

22.     Plaintiff fails to state a claim upon which attorneys' fees and costs may be awarded.

## FOR A SIXTEENTH DEFENSE

23.     The damages alleged by Plaintiff, which damages are specifically denied, should be barred as a result of Plaintiff's failure to mitigate its own damages.

## FURTHER ANSWERING THE COMPLAINT
## AND BY WAY OF COUNTER-CLAIM AGAINST PLAINTIFF
## AND THIRD PARTY COMPLAINT AGAINST AMIR GOLESTAN:

24.     At all times pertinent to this action Larkin was the employee of the Plaintiff, as defined in S. C. Code Ann. Sec. 41-10-10(1) (SCPWA).

25.     Micfo, LLC and Golestan had control at all times over payment of Larkin's commissions, bonuses and payment of wages.

26.     Plaintiff does business principally in Charleston County, SC and is owned and managed by Amir Golestan ("Golestan").

27.     Golestan, being the owner of Micfo, LLC, had control over payment of wages to employees of Plaintiff, including Larkin.

28.     Golestan is domiciled in South Carolina for jurisdictional purposes as his business is headquartered in Charleston, South Carolina.

29.     Golestan and Micfo, LLC are employers pursuant to the SCPWA sec. 41-10-10 et seq.

30.     As Larkin had earned and accrued wages, including in the form of 401K contributions, at the time of separation from employment with the employer Micfo, LLC and Golestan, Larkin was entitled to all wages owed as of her date of separation from Plaintiff.

31.     Larkin received her last paycheck from the employer but did not receive all of her owed wages in a timely manner pursuant to the laws of South Carolina and the Fair Labor Standards Act.

32.     Larkin requested to be paid for her wages, including the required paystub information, as usual and customarily paid when an employee separates from employment with the employer. Golestan did not respond.

33.     Larkin asserts that during the time she was employed, there were multiple instances where payroll was not paid in a timely manner by Micfo, LLC and Golestan, and multiple instances where payroll checks were returned for insufficient funds.

34.     The employee Larkin asserts that she was willfully and intentionally not paid by the employer all wages and earnings due to her within the time requirement by S.C. Code Ann. Sec. 41-10-50.

35.     Larkin therefore asserts that she is due and is entitled to recover an amount equal to three times the full amount of the unpaid wages, plus reasonable costs and attorney's fees pursuant to S.C. Code Ann. Sec 41-10-80(C).

**FOR A SEVENTEENTH DEFENSE,**
**FIRST COUNTER-CLAIM AGAINST PLAINTIFF**
**AND FIRST THIRD PARTY CLAIM AGAINST GOLESTAN**
(Violation of S.C. Code Ann. § 39-5-10 *et seq.*)

40.     Larkin hereby restates each and every allegation contained in the preceding paragraphs as if fully set forth herein.

41.     Upon information and belief, Plaintiff and Golestan employed an unfair or deceptive trade practice in continually failing to comply with South Carolina payment of wages laws and requirements for employers.

42.     Upon information and belief, such unfair and deceptive trade practices would act to damage the public by affecting present and future employees of Plaintiff.

43.     Plaintiff's and Golestan's actions are capable of repetition and were in fact repeated by Plaintiff and Golestan during Larkin's employment.

44.     Upon information and belief, Plaintiff's and Golestan's violation of the South Carolina Unfair Trade Practices Act entitles Larkin to an award of treble damages and attorneys' fees.

45.     As a direct and proximate result of Plaintiff's and Golestan's violation of the South Carolina Unfair Trade Practices Act, Larkin has suffered actual, resulting, and consequential damages in an amount to be determined by the trier of fact.

**FOR AN EIGHTEENTH DEFENSE,**
**SECOND COUNTER-CLAIM AGAINST PLAINTIFF**
**AND SECOND THIRD PARTY CLAIM AGAINST GOLESTAN**
(Conversion)

46.     Larkin hereby restates each and every allegation contained in the preceding paragraphs as if fully set forth herein.

47.     Larkin has an interest in the wages taken by Plaintiff and Golestan.

48.     Plaintiff and Golestan have converted Larkin's wages to their own uses, without the permission of Larkin.

49.    As a direct and proximate result of Plaintiff's and Golestan's conversion, Plaintiff has suffered actual, resulting, and consequential damages in an amount to be determined by the trier of fact.

### FOR A NINETEENTH DEFENSE,
### THIRD COUNTER-CLAIM AGAINST PLAINTIFF
### AND THIRD, THIRD PARTY CLAIM AGAINST GOLESTAN
(Alter Ego/Amalgamation/Veil Piercing)

50.    Larkin hereby restates each and every allegation contained in the preceding paragraphs as if fully set forth herein.

51.    Upon information and belief, Golestan organized, or caused to be organized, Plaintiff, and is the sole member.

52.    Upon information and belief, Golestan has failed to follow the necessary company formalities, as required by law, and has undercapitalized Plaintiff and siphoned company funds for personal use, used company facilities and employees for personal ends, and has otherwise so intermingled his personal and financial affairs with Plaintiff's that it has become the alter ego of Golestan.

53.    Upon information and belief, the alter ego relationship between Plaintiff and Golestan entitles Larkin to pierce the veil and/or disregard the company form and recover against the individual member.

54.    Upon information and belief, the alter ego relationship between Plaintiff and Golestan is so amalgamated that Larkin is entitled to disregard the company form and recover against Golestan individually.

### FOR A TWENTIETH DEFENSE AND
### FOURTH COUNTER-CLAIM AGAINST PLAINTIFF
(Breach of Implied Covenant of Good Faith and Fair Dealing)

55.     Larkin hereby restates each and every allegation contained in the preceding paragraphs as if fully set forth herein.

56.     Plaintiff and Larkin entered into an employment contract.

57.     Plaintiff has violated the implied covenant of good faith and fair dealing contained in all South Carolina contracts through its actions and course of conduct.

58.     As a direct and proximate result of Plaintiff's breach of this implied covenant, Larkin has suffered actual, resulting and consequential damages in an amount to be determined by the trier of fact.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant Larkin prays Plaintiff's Complaint will be dismissed with prejudice, and further prays for judgment in her favor and against Plaintiff and Amir Golestan as follows:

a.     Judgment against Plaintiff and Golestan for an amount equal to Larkin's unpaid back wages and bonuses;

b.     Judgment against the Plaintiff and Golestan for violations of the South Carolina Payment of Wages Act;

c.     Treble damages pursuant to the South Carolina Payment of Wages Act;

d.     Actual, consequential, special and punitive damages against Plaintiff and Golestan, including attorney's fees and costs;

e.     For an Order piercing the veil of Plaintiff Micfo, LLC; and

f.     All such further relief as the Court deems just and equitable.

KOONTZ MLYNARCZYK, LLC


/s/  Adam Mlynarczyk_____
Adam Mlynarczyk (Fed. ID # 8070)
C. Brandon Belger (Fed. ID # 11280)
1058 East Montague Avenue
North Charleston, South Carolina 29405
T: (843) 225-4252
F: (843) 277-9120
E: adam@kmlawsc.com
brandon@kmlawsc.com
Attorneys for Plaintiffs

July 18, 2018
North Charleston, South Carolina