IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| MICFO, LLC, | ) | Civil Action No. 2:18-CV-01653-DCN |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MICFO, LLC'S** |
| vs. | ) | **REPLY & ANSWER TO** |
| | ) | **ANSWER, COUNTER-CLAIMS AND** |
| ERINN LARKIN and VICTORIA LATHAM, | ) | **THIRD PARTY COMPLAINT FOR** |
| | ) | **ERINN LARKIN** |
| | ) | |
| Defendants. | ) | Jury Trial Requested |
| | ) | |

Plaintiff and Counterclaim Defendant Micfo, LLC ("Micfo"), by and through its undersigned counsel, files this reply and answer to the pleading of Erinn Larkin ("Larkin") titled *Answer, Counter-Claims and Third Party Complaint for Erinn Larkin* ("Larkin's Answer"), (ECF No. 7). Unless expressly admitted or qualified herein, each and every allegation and averment set forth in Larkin's Answer is denied. Micfo further responds as follows:

### FOR A FIRST DEFENSE

1. Paragraphs 1 through 8 of Larkin's Answer contain no averments of fact to which a response is necessary.

2. Micfo denies the allegations, claims, and the applicability or availability to Larkin of the alleged defenses set forth in paragraphs 9 through 23 of Larkin's Answer.

3. Answering paragraph 24 of Larkin's Answer, Micfo admits Larkin was an employee of Micfo. Micfo denies the remaining allegations in paragraph 24 of Larkin's Answer.

4. Micfo denies the allegations in paragraph 25 of Larkin's Answer.

5.     Answering paragraph 26 of Larkin's Answer, Micfo admits that it is headquartered in Charleston, South Carolina and that it is owned and managed by Amir Golestan. Micfo denies the remaining allegations in paragraph 26 of Larkin's Answer.

6.     Answering paragraph 27 of Larkin's Answer, Micfo admits that Amir Golestan is the owner of Micfo. Micfo denies the remaining allegations in paragraph 27 of Larkin's Answer.

7.     Answering paragraph 28 of Larkin's Answer, Micfo admits that Amir Golestan is a resident of Charleston, South Carolina and that Micfo is headquartered in Charleston, South Carolina. Micfo denies the remaining allegations in paragraph 28 of Larkin's Answer.

8.     Answering paragraph 29 of Larkin's Answer, Micfo admits that it was Larkin's employer. The remainder of paragraph 29 consists of conclusions of law to which no response is necessary, however, to the extent a response is necessary, the remaining allegations of paragraph 29 are denied.

9.     Answering paragraph 30 of Larkin's Answer, Micfo admits that under the Payment of Wages Act, S.C. Code Ann. § 41-10-10 *et al* ("SCPWA"), subject to exceptions, when an employer separates an employee from its payroll the employer shall pay all wages—as that term is defined in SCPWA—due to the employee within 48 hours of the time of separation or the next regular payday if it is within 30 days of the time of separation. Micfo denies all remaining allegations in paragraph 30 of Larkin's Answer.

10.     Micfo denies the allegations in paragraph 31 of Larkin's Answer.

11.     Micfo denies the allegations in paragraph 32 of Larkin's Answer.

12.     Micfo denies the allegations in paragraph 33 of Larkin's Answer.

13.     Micfo denies the allegations in paragraph 34 of Larkin's Answer.

14.     Micfo denies the allegations in paragraph 35 of Larkin's Answer.

15. Responding to paragraph 40[1] of Larkin's Answer, Micfo incorporates paragraphs 1 through 14 of this reply and answer to Larkin's Answer as if fully restated herein.

16. Micfo denies the allegations in paragraphs 41, 42, 43, 44, and 45 of Larkin's Answer.

17. Responding to paragraph 46 of Larkin's Answer, Micfo incorporates paragraphs 1 through 16 of this reply and answer to Larkin's Answer as if fully restated herein.

18. Micfo denies the allegations in paragraphs 47, 48, and 49 of Larkin's Answer.

19. Responding to paragraph 50 of Larkin's Answer, Micfo incorporates paragraphs 1 through 18 of this reply and answer to Larkin's Answer as if fully restated herein.

20. Responding to paragraph 51 of Larkin's Answer, Micfo admits it was organized under the direction of Amir Golestan and that Amir Golestan is the sole member of Micfo. Micfo denies all remaining allegations in paragraph 51 of Larkin's Answer.

21. Micfo denies the allegations in paragraphs 52, 53, and 54 of Larkin's Answer.

22. Responding to paragraph 55 of Larkin's Answer, Micfo incorporates paragraphs 1 through 21 of this reply and answer to Larkin's Answer as if fully restated herein.

23. Micfo denies the allegations in paragraph 55, 56, 57, and 58 of Larkin's Answer.

24. Responding to Larkin's Prayer for Relief, Micfo denies Larkin is entitled to any relief or recovery as requested.

---

[1] There are no paragraphs numbered 36 through 39 in Larkin's Answer. Paragraph 40 is the first numbered paragraph following paragraph 35 in Larkin's Answer.

**FOR A SECOND DEFENSE**

25.    Larkin's Answer fails to state a claim upon which relief may be granted and, therefore, her claims should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**FOR A THIRD DEFENSE**

26.    If Larkin experienced delay or delays in the payment of any wages, as that term is defined by SCPWA, due to her as an employee of Micfo, the delay or delays were short and, therefore, did not violate SCPWA.

**FOR A FOURTH DEFENSE**

27.    Micfo at all times acted in good faith to comply with the SCPWA and with reasonable grounds to believe that its actions did not violate the SCPWA and, if there were any violation of SCPWA, the existence of any violation being expressly denied, there was a bona fide good faith dispute as to wages owed. Accordingly, Larkin's claims for treble damages, attorney's fees, and costs are barred.

**FOR A FIFTH DEFENSE**

28.    Larkin's employment with Micfo was at all times at-will. Therefore, Larkin's claim for breach of the implied covenant of good faith and fair dealing is barred.

**FOR A SIXTH DEFENSE**

29.    Larkin's Answer fails to state a valid claim for punitive damages. Moreover, Larkin's claim for punitive damages is barred or limited under South Carolina law and by the procedural and substantive due process guarantees, the guarantees against the taking of property in an arbitrary or irrational manner or without adequate compensation, the guarantees of equal

protection of the laws, and the guarantees against undue burden upon commerce set forth in the United States Constitution.

## FOR A SEVENTH DEFENSE

30. The claims brought by Larkin and/or some or all of the relief requested in Larkin's Answer may be barred in whole or in part by Larkin's disloyalty as an employee of Micfo as well as the doctrines of waiver, estoppel, laches, and/or unclean hands.

## FOR AN EIGHTH DEFENSE

31. The claims brought by Larkin and/or some or all of the relief requested in Larkin's Answer may be barred in whole or in part by the doctrines of acquiescence, accord and satisfaction, consent, agreement, and payment.

## FOR A NINTH DEFENSE

32. Micfo reserves the right to amend and supplement its affirmative defenses to include any applicable defense, both legal and factual.

WHEREFORE, having fully answered the *Answer, Counter-Claims and Third Party Complaint for Erinn Larkin* (ECF No. 7), Micfo prays the claims against it be dismissed and further relief as this Court may deem just and proper.

[SIGNATURE ON FOLLOWING PAGE]

6

        NELSON MULLINS RILEY & SCARBOROUGH LLP

By: /s/ M. Kathleen McTighe Mellen
    Merritt G. Abney
    Federal Bar No. 9413
    E-Mail: merritt.abney@nelsonmullins.com
    John C. McElwaine
    Federal Bar No. 6710
    E-Mail: john.mcelwaine@nelsonmullins.com
    M. Kathleen McTighe Mellen
    Federal Bar No. 11652
    E-Mail: katie.mellen@nelsonmullins.com
    151 Meeting Street / Sixth Floor
    Post Office Box 1806 (29402-1806)
    Charleston, SC  29401-2239
    (843) 853-5200

*Attorneys for Micfo, LLC*

Charleston, South Carolina
August 7, 2018