IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| MICFO, LLC, | ) | Civil Action No. 2:18-CV-01653-DCN |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ERINN LARKIN and VICTORIA | ) | |
| LATHAM, | ) | AMIR GOLESTAN'S |
| | ) | ANSWER TO |
| Defendants. | ) | THIRD-PARTY COMPLAINT OF |
| | ) | ERINN LARKIN |
| | ) | |
| ERINN LARKIN, | ) | Jury Trial Requested |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| AMIR GOLESTAN, individually, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |
| | ) | |

Third-Party Defendant Amir Golestan ("Golestan"), by and through his undersigned counsel, files this answer to the third-party complaint of Erinn Larkin ("Larkin"), which begins at paragraph 24 in the pleading titled *Answer, Counter-Claims and Third Party Complaint for Erinn Larkin* ("Larkin's Answer"), (ECF No. 7), and is herein referred to as "Larkin's Third-Party Complaint." Unless expressly admitted or qualified herein, each and every allegation and averment set forth in Larkin's Answer and Third-Party Complaint is denied. Golestan further responds as follows:

**FOR A FIRST DEFENSE**

1.      Paragraphs 1 through 23 of Larkin's Answer contain no averments of fact to which a response is necessary.

2.    Answering paragraph 24 of Larkin's Third-Party Complaint, Golestan admits Larkin was an employee of Micfo. Golestan denies the remaining allegations in paragraph 24 of Larkin's Third-Party Complaint.

3.    Golestan denies the allegations in paragraph 25 of Larkin's Third-Party Complaint.

4.    Answering paragraph 26 of Larkin's Third-Party Complaint, Golestan admits that Micfo is headquartered in Charleston, South Carolina and that he owns and manages Micfo. Golestan denies the remaining allegations in paragraph 26 of Larkin's Third-Party Complaint.

5.    Answering paragraph 27 of Larkin's Third-Party Complaint, Golestan admits that he is the owner of Micfo. Golestan denies the remaining allegations in paragraph 27 of Larkin's Third-Party Complaint.

6.    Answering paragraph 28 of Larkin's Third-Party Complaint, Golestan admits that he is a resident of Charleston, South Carolina and that Micfo is headquartered in Charleston, South Carolina. Golestan denies the remaining allegations in paragraph 28 of Larkin's Third-Party Complaint.

7.    Answering paragraph 29 of Larkin's Third-Party Complaint, Golestan admits that Micfo was Larkin's employer. The remainder of paragraph 29 consists of conclusions of law to which no response is necessary, however, to the extent a response is necessary, the remaining allegations of paragraph 29 are denied.

8.    Answering paragraph 30 of Larkin's Third-Party Complaint, Golestan admits that under the Payment of Wages Act, S.C. Code Ann. § 41-10-10 *et seq.* ("SCPWA"), subject to exceptions, when an employer separates an employee from its payroll the employer shall pay all wages—as that term is defined in SCPWA—due to the employee within 48 hours of the time of

separation or the next regular payday if it is within 30 days of the time of separation. Golestan denies all remaining allegations in paragraph 30 of Larkin's Third-Party Complaint.

9.      Golestan denies the allegations in paragraph 31 of Larkin's Third-Party Complaint.

10.     Golestan denies the allegations in paragraph 32 of Larkin's Third-Party Complaint.

11.     Golestan denies the allegations in paragraph 33 of Larkin's Third-Party Complaint.

12.     Golestan denies the allegations in paragraph 34 of Larkin's Third-Party Complaint.

13.     Golestan denies the allegations in paragraph 35 of Larkin's Third-Party Complaint.

14.     Responding to paragraph 40[1] of Larkin's Third-Party Complaint, Golestan incorporates paragraphs 1 through 13 of this answer to Larkin's Third-Party Complaint as if fully restated herein.

15.     Golestan denies the allegations in paragraphs 41, 42, 43, 44, and 45 of Larkin's Third-Party Complaint.

16.     Responding to paragraph 46 of Larkin's Third-Party Complaint, Golestan incorporates paragraphs 1 through 15 of this answer to Larkin's Third-Party Complaint as if fully restated herein.

17.     Golestan denies the allegations in paragraphs 47, 48, and 49 of Larkin's Third-Party Complaint.

18.     Responding to paragraph 50 of Larkin's Third-Party Complaint, Golestan incorporates paragraphs 1 through 17 of this answer to Larkin's Third-Party Complaint as if fully restated herein.

---

[1] There are no paragraphs numbered 36 through 39 in Larkin's Third-Party Complaint. Paragraph 40 is the first numbered paragraph following paragraph 35 in Larkin's Third-Party Complaint.

19.    Responding to paragraph 51 of Larkin's Third-Party Complaint, Golestan admits Micfo was organized under his direction and that he is the sole member of Micfo. Golestan denies all remaining allegations in paragraph 51 of Larkin's Third-Party Complaint.

20.    Golestan denies the allegations in paragraphs 52, 53, and 54 of Larkin's Third-Party Complaint.

21.    Paragraphs 55, 56, 57, and 58 are not part of Larkin's Third-Party Complaint but instead are part of the counterclaims asserted against Micfo in Larkin's Answer; accordingly, no response to these paragraphs is necessary. To the extent a response is necessary, Golestan, in response to paragraph 55, incorporates paragraphs 1 through 20 of this answer to Larkin's Third-Party Complaint as if fully restated herein, and denies the allegations in paragraphs 56, 57, and 58 of Larkin's Answer.

22.    Responding to Larkin's Prayer for Relief, Golestan denies Larkin is entitled to any relief or recovery as requested.

## FOR A SECOND DEFENSE

23.    There is no allegation or claim of derivative liability in Larkin's Third-Party Complaint and, therefore, third-party practice under Rule 14 of the Federal Rules of Civil Procedure is unavailable to Larkin. Accordingly, Larkin's Third-Party Complaint against Golestan should be dismissed in its entirety.

## FOR A THIRD DEFENSE

24.    The allegations in Larkin's Third-Party Complaint fail to state a claim upon which relief may be granted and, therefore, her claims should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### FOR A FOURTH DEFENSE

25.      If Larkin experienced delay or delays in the payment of any wages, as that term is defined by SCPWA, due to her as an employee of Micfo and/or an alleged employee of Golestan, the delay or delays were short and, therefore, did not violate SCPWA.

### FOR A FIFTH DEFENSE

26.      If there were any violation of SCPWA, the existence of any violation being expressly denied by Golestan, there was a bona fide good faith dispute as to wages owed. Accordingly, Larkin's claims for treble damages, attorney's fees, and costs are barred.

### FOR A SIXTH DEFENSE

27.      Larkin's Third-Party Complaint fails to state a valid claim for punitive damages. Moreover, Larkin's claim for punitive damages is barred or limited under South Carolina law and by the procedural and substantive due process guarantees, the guarantees against the taking of property in an arbitrary or irrational manner or without adequate compensation, the guarantees of equal protection of the laws, and the guarantees against undue burden upon commerce set forth in the United States Constitution.

### FOR A SEVENTH DEFENSE

28.      The claims brought by Larkin and/or some or all of the relief requested in Larkin's Third-Party Complaint may be barred in whole or in part by Larkin's disloyalty as an employee of Micfo as well as the doctrines of waiver, estoppel, laches, and/or unclean hands.

### FOR AN EIGHTH DEFENSE

29.      The claims brought by Larkin and/or some or all of the relief requested in Larkin's Third-Party Complaint may be barred in whole or in part by the doctrines of acquiescence, accord and satisfaction, consent, agreement, and payment.

## FOR A NINTH DEFENSE

30.    Golestan reserves the right to amend and supplement his affirmative defenses to include any applicable defense, both legal and factual.

WHEREFORE, having fully answered the Larkin's Third-Party Complaint in the *Answer, Counter-Claims and Third Party Complaint for Erinn Larkin* (ECF No. 7), Golestan prays the claims against him be dismissed and further relief as this Court may deem just and proper.

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: /s/ M. Kathleen McTighe Mellen
    Merritt G. Abney
    Federal Bar No. 9413
    E-Mail: merritt.abney@nelsonmullins.com
    John C. McElwaine
    Federal Bar No. 6710
    E-Mail: john.mcelwaine@nelsonmullins.com
    M. Kathleen McTighe Mellen
    Federal Bar No. 11652
    E-Mail: katie.mellen@nelsonmullins.com
    151 Meeting Street / Sixth Floor
    Post Office Box 1806 (29402-1806)
    Charleston, SC  29401-2239
    (843) 853-5200

    *Attorneys for Micfo, LLC and Amir Golestan*

Charleston, South Carolina
August 14, 2018