IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| MICFO, LLC, | CIVIL ACTION NO. 2:18-cv-01653-DCN |
| Plaintiff, | |
| v. | |
| | DEFENDANT ERINN LARKIN'S MEMORANDUM IN OPPOSITION TO DEFENDANT AMIR GOLESTAN'S MOTION TO STRIKE THIRD PARTY COMPLAINT AND MOTION TO DISMISS CONVERSION CLAIM |
| Erinn Larkin and Victoria Latham, | |
| Defendant. | |
| Erinn Larkin, | |
| Third-Party Plaintiff, | |
| v. | |
| Amir Golestan, individually, | |
| Third-Party Defendant. | |

The Third Party Defendant Amir Golestan ("Amir") has filed a Motion to Strike Defendant Erinn Larkin's ("Larkin") Third Party Complaint and a Motion to Dismiss claims of conversion in the Larkin *Answer, Counter-Claims and Third Party Claims* ("Larkin's Answer"). Essentially, Amir raises two separate issues with respect to the Third Party Complaint: first, that Fed. R. Civ. P. 14 does not provide a basis to bring in a party other than one "who is or may be liable to [defendant] for all or part of the claim against it," and second, that conversion is an inappropriate cause of action in a failure to pay wages claims. Both of these contentions are incorrect, and the Motion to Strike Erinn Larkin's Third Party Complaint, and Motion to Dismiss claims of conversion should be denied.

1

**I.     Fed. R. Civ. P. 14 Is Not the Sole Mechanism for Bringing Third Parties into Litigation when the Claims Against those Parties Arise from Counterclaims or Crossclaims.**

Third Party Defendant Amir Golestan has correctly recited the language of Fed. R. Civ. P. 14, which as a general matter requires that the defendant serving the third party complaint allege that the third party defendant be liable for some or all of the plaintiff's claim against the defendant. Rule 14 is not, however, the sole manner in which a third party defendant can be brought into an existing lawsuit. If it were, any action in which the same set of facts gives rise to counterclaims, and other not-already-named individuals are claimed to be liable in whole or in part for those damages could never be brought.  Even where the counterclaims are mandatory, proceeding exclusively under Rule 14 to bring in a third party would require that a separate lawsuit accompany the mandatory counterclaim if a third party were involved.  Additionally, since Larkin has raised veil piercing as a part of her Counterclaim for unpaid wages, Golestan is a necessary party to the action.

In *Lyons v. Marrud, Inc.*, 46 F.R.D. 451 (S.D.N.Y. 1968), the Court discussed the interplay between Rule 14 and Rules 19 and 20 of the Federal Rules of Civil Procedure.  The Court recognized that the technical language of Fed. R. Civ. P. 14(a) did not serve as a basis for the addition of the third party defendants.  However, the Court said the Rules "were designed to avoid multiplicity of litigation, particularly in protracted and complicated suits of the type involved here by adjudicating in one action all of the claims arising out of substantially the same factual situation."  *Id.* at 454.

Most significantly, of course, Golestan is incorrect in asserting that this matter is governed by Rule 14.  Fed. R. Civ. P. 13(h) expressly states that "rules 19 and 20 govern the addition of a person as a party to counterclaim or crossclaim."  Rule 19 provides that "[A] person who is subject

to service of process and whose joinder will not deprive the court of subject-matter jurisdiction MUST be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A)(emphasis added).

The general policy of Rule 19 is "the impulse . . . toward entertaining the broadest scope of action consistent with fairness to the parties; joinder of claims, parties, and remedies is strongly encouraged." *Mayer Paving & Asphalt Co. v. General Dynamics Corp*, 486 F.2d 763, 771 (7th Cir. 1973), *cert. denied* 414 U.S. 1146 (1974) and (*quoting United Mine Workers of America v. Gibbs,* 383 U.S. 715, 724. Rule 19 is generally to be liberally interpreted to allow joinder of parties necessary to complete resolution of the case, and each case is to be decided on its own facts. *Le Beau v. Libby-Owens-Ford Co.*, 424 F.2d 798 (7th Cir. 1973).

In *Doty v. St. Mary Parish Land Co.*, 598 F.2d 885 (5th Cir. 1979), the court adopted an "equity and good conscience" test, which applied four practical considerations: 1) the prejudicial effect of judgment rendered in the absence of a party who cannot be joined; 2) the extent to which prejudice may be minimized by limiting the relief granted; 3) whether judgment rendered in the party's absence will be adequate; and 4) consideration of the presence of an adequate forum is the action is dismissed. *Id.* at 887. This four-part inquiry is a more detailed analysis of the traditional two question test: first, whether the absent party is a person who can be "joined if feasible, and second, whether the court should, in equity and good conscience, allow the action to proceed even if joinder is not feasible. *See, e.g, EEOC v. Commercial Coating Serv.*, 220 F.R.D. 300 (S.D. Tex. 2004; *Marshall v. Navistar Int'l Transp. Corp.*, 168 F.R.D. 606 (E.D. Mich. 1996); *Hardy v. Bucyrus-Erie Co.*, 398 F. Supp. 64 (E.D. Wis. 1975). In all situations it is a fact-specific inquiry, looking at the facts of the particular law suit, and making the decision on pragmatic considerations, rather than rigid formalism. *Gentry v. Smith*, 487 F.2d 571, 579 (5th Cir. 1973).

The facts of this case clearly support a conclusion that Golestan is a necessary party without whom all of the causes of action cannot be fully adjudicated. Although he may not meet the Rule 14 requirement that some or all of the damages sought by the plaintiff can be laid at his feet, he certainly meets the requirements of Rule 19. Third Party Plaintiff's claims for unpaid wages impose liability on both the corporation and the manager who directed that the wages not be paid. Furthermore, Third Party Plaintiff has alleged that Golestan, as the alter ego of Plaintiff, is personally liable to Third Party Plaintiff on all of her counterclaims. If he is not joined as a third party defendant, a separate trial would be required to determine his responsibility for all of those of allegations upon which Third Party Plaintiff prevails during the trial against Plaintiff Micfo. This is both a waste of judicial resources and raises possibilities of inconsistent verdicts, in which one of these parties is found liable to Third Party Plaintiff for the commission of a particular act committed by both, and the other is not.

Third Party Defendant Amir Golestan is properly joined in this matter, as full and complete adjudication of the rights of the parties with respect to the Defendant's counterclaim is impossible without his presence. Since Fed. R. Civ. P. 19 requires that the Court examine the particular facts of the specific case, and view them with an eye toward doing equity to the parties, it seems obvious that he is properly named, and his Motion to Strike should be denied.

## II.   South Carolina Law Clearly Supports a Claim for Conversion Arising from a Failure to Pay Wages.

No South Carolina court has ever stated that a failure to pay wages when due cannot rise to the level of a claim for conversion. The South Carolina cases cited by Third Party Defendant are taken out of context; none makes so broad a statement.

In *Owens v. Andrews Bank & Tr. Co.*, 265 S.C. 490, 220 S.E.2d 116 (1975), the court agreed with the defendant bank that in general conversion cannot be predicated upon the

relationship of debtor and creditor. However, under the specific facts of *Andrews Bank*, the Court found conversion to be a proper cause of action. Mrs. Owens was a member of a Christmas Club, as a part of which $20 was taken from her general account each week and deposited into a separate Club account. All of the Club accounts were closed on November 14, 1973, and checks mailed to all of the members. Mrs. Owens did not receive her check, and, upon further inquiry, it was determined that the bank had withheld it in order to pressure her husband to satisfy an independent personal obligation he had. The Court concluded that this constituted conversion of Mrs. Owens' funds in that the bank wrongfully withheld her money for its own purposes.

Third Party Defendant Golestan also cites to *Owens v. Zippy Mart of S.C., Inc.,* 268 S.C. 383, 234 S.E.2d 217 (1977), for the overarching proposition that a failure to pay wages cannot constitute conversion. The Court did not go so far. Rather, and as in *Andrews Bank* focusing on the specific facts, it found that Zippy Mart's conduct was not sufficiently onerous as to transform a simple contractual dispute into conversion. There was no doubt but that Zippy Mart owed Owens her pay. Zippy Mart claimed, however, that under a management contract with Owens, it was allowed to offset earnings for which she had failed to account by that pay. As this constituted a legitimate disagreement, it was not conversion.

The sole case actually coming close to supporting Golestan's position is *Flowers v. Premier V.T.L., LLC*, 2018 U.S. DIST LEXIS 100417 (June 15, 2018), in which Judge Gergel of this Court concluded that claims under the FLSA preempted any and all common law claims. That is, again, somewhat inapplicable, as Third Party Plaintiff's claims against her former employer and its managing member do not arise under the federal Fair Labor Standards Act but solely under the South Carolina Payment of Wages Act. That Act allows for personal liability on the part of a manager or owner who is personally responsible for the failure to pay wages. The FLSA deals

5

with entirely different areas of the employment arena: minimum wages, hours of employment, payment of overtime, and so forth.  The *Flowers* court cited, in passing, to *Zippy Mart, supra*, and said, in dictum, that South Carolina law would not support a claim for conversion for the failure to pay wages.  That statement is, however, completely immaterial to the conclusion that the conversion claim is preempted by the FLSA, and has no bearing on the instant action.

Despite Golestan's broad statement that South Carolina law does not allow for a cause of action in conversion predicated upon the failure to pay wages, none of the cases cited, and none found by Third Party Plaintiff, actually say so.  Furthermore, none of the cases cited – including *Flowers*, which is closer to making such a statement than any other – include an action against the individual in control of the employer corporation.  In fact, it would make no sense if no such cause of action existed.

The gist of the argument made in both *Andrews Bank* and *Zippy Mart* is that the failure to pay wages due an employee is an action which arises in contract, and that therefore the tort of conversion is precluded.  There is certainly a contractual relationship between Larkin and her employer, in this case Micfo.  However, no such relationship exists between Larkin and Golestan. Golestan's control over Micfo allows him to control whether or not it meets its contractual demands; it does not, however, have any effect on his independent interference in that contract by deciding to withhold her wages.

The South Carolina Payment of Wages Act expressly permits extension of the action to a controlling manager or owner who is personally involved in the decision to keep the corporate employer from paying wages when due.  To limit the potential liability of such an individual who retains the employee's money to a mere breach of contract would undermine the Act.  There is no

basis in either law or equity for Third Party Defendant's claim that Larkin cannot sustain a claim for conversion in this case.

## CONCLUSION

For the reasons set forth above, Third Party Plaintiff Erinn Larkin would respectfully request that the Motion to Strike of Third Party Defendant Amir Golestan be denied.

                                              Respectfully submitted,

                                              KOONTZ MLYNARCZYK, LLC

                                              /s/ Adam Mlynarczyk_____
                                              Adam Mlynarczyk (Fed. ID # 8070)
                                              C. Brandon Belger (Fed. ID # 11280)
                                              1058 East Montague Avenue
                                              North Charleston, South Carolina 29405
                                              T: (843) 225-4252
                                              F: (843) 277-9120
                                              E: adam@kmlawsc.com
                                              brandon@kmlawsc.com
                                              Attorneys for Plaintiffs

August 27, 2018
North Charleston, South Carolina