| STATE OF SOUTH CAROLINA | ) | IN THE FAMILY COURT |
| --- | --- | --- |
|  | ) | NINTH JUDICIAL CIRCUIT |
| COUNTY OF CHARLESTON | ) |  |
|  | ) |  |
| Kristin M. Golestan, | ) |  |
|  | ) | **FAMILY COURT COVERSHEET** |
| Plaintiff, | ) |  |
| vs. | ) |  |
|  | ) |  |
| Amir Golestan, | ) |  |
|  | ) | Docket No. 2018-DR-10-4289 |
| Defendant. | ) |  |

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for docketing purposes for the Clerk of Court and must be signed and dated, and filled out completely. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

| Submitted by: | John O. McDougall | SC Bar # | 3789 |
| --- | --- | --- | --- |
| Address: | PO Box 90860 | Telephone # | 803-776-3130 |
|  | Columbia, SC 29290-1860 | Fax # | 803-776-7748 |
| Email: | jom@mscmlaw.com | Other: |  |

**DOCKETING INFORMATION (Check one box below if filing in a Mandatory Mediation County)**
☐ This case is subject to MEDIATION pursuant to the Family Court Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR (certificate attached).

**Nature of Action Codes**
(Check One)

**Marital Dissolution**
☐ Divorce (110)
☐ Annulment (120)
☒ Separate Support and Maintenance (130)
☐ Registration of Foreign Divorce Decree – without support/custody (190)
☐ Registration of Foreign Divorce Decree – with support/custody (191)
☐ Marital Dissolution – Other (199)

**Abuse and Neglect**
☐ Abuse and Neglect – Child (210)
☐ Abuse and Neglect – Adult (220)
☐ Abuse and Neglect – Other (299)

**Juvenile Delinquency**
☐ Truancy (311)
☐ Incorrigible (312)
☐ Runaway (313)
☐ Criminal Offense – Drug (315)
☐ Criminal Offense – Against a Person (316)
☐ Criminal Offense – Property (317)
☐ Criminal Offense – Public Order (318)
☐ Criminal Offense – Other (320)
☐ Juvenile Delinquency – Other (399)

**Protection from Domestic Abuse**
☐ Domestic Abuse – Intimate Partner (410)
☐ Domestic Abuse – Minor (420)
☐ Registration of Foreign Order of Protection (490)
☐ Domestic Abuse – Other (499)

**Support**
☐ Child Support – Private (501)
☐ Child Support – Administrative Process (502)
☐ Child Support – Judicial Process (503)
☐ Registration of Foreign Order of Support (504)
☐ UIFSA – Outgoing (505)
☐ UIFSA – Incoming (506)
☐ Modification of Child Support – Private (507)
☐ Modification of Child Support – DSS (508)
☐ Modification of Alimony (525)
☐ College Expenses (530)
☐ Support – Other (599)

**Custody/Visitation**
☐ Child Custody/Visitation (610)
☐ Modification of Custody/Visitation (615)
☐ Temporary Custody - Nonparent (616)
☐ Registration of Foreign Child Custody Order (690)
☐ Custody/Visitation – Other (699)

**Miscellaneous Actions**
☐ Name Change (710)
☐ Correction/Birth Record (720)
☐ Judicial Bypass (730)
☐ Adoption (740)
☐ Foreign Adoption (741)
☐ Post Dissolution Equitable Distribution (750)
☐ Paternity – Private (761)
☐ Paternity – DSS (762)
☐ Termination of Parental Rights – Private (771)
☐ Termination of Parental Rights – DSS (772)
☐ Miscellaneous Actions – Others (799)

**Submitting Party Signature:** _[signature]_   **Date:** 12/13/18

Custodial Parent (if applicable):

Note: Frivolous civil proceedings are subject to sanctions pursuant to Rule 11, SCRCP and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. § 15-36-10 et seq.

SCCA 467 (12/2015)

**Effective January 1, 2016,** family court actions in all counties are subject to mediation. Under the provisions of the Supreme Court's Rules for Alternative Dispute Resolution (ADR), mediation is defined as [an] informal process in which a third-party mediator facilitates settlement discussions between parties. Any settlement is voluntary. In the absence of settlement, the parties lose none of their rights to trial.

Also under the ADR Rules, the parties may agree on a mediator or the Clerk of Court will appoint a mediator from the certified list. If the Clerk appoints a mediator from the list, the mediator will be certified by the Board of Arbitrator and Mediator Certification and may be either a lawyer, a licensed mental health professional or any other individual meeting the certification requirements.

Whether or not the mediator is a lawyer, if appointed by the court, the charge per hour is set at a specified amount under the provisions of ADR Rule 9. Parties are responsible for payment of the mediator as set out in ADR Rule 9.

**SUPREME COURT RULES REQUIRE MEDIATION OF ALL CONTESTED DOMESTIC RELATIONS ACTIONS.** IF THE DOCKETING INFORMATION ON PAGE 1 OF THIS COVERSHEET INDICATES THAT THIS CASE IS SUBJECT TO **MEDIATION** YOU ARE NOTIFIED THAT MEDIDATED SETTLEMENT CONFERENCES ARE REQUIRED IN THIS CASE, AND THAT THE COURT-ANNEXED ADR RULES SHALL APPLY TO ALL CASES IN WHICH MEDIATION IS REQUIRED. FOR ADDITIONAL INFORMATION CONCERNING THE PROCESS AND TIME FRAMES, PLEASE CONSULT THE ADR RULES. KEY SECTIONS OF THE RULES ARE IDENTIFIED BELOW.

**CONTESTED ACTIONS INVOLVING CUSTODY AND VISITATION**

| | |
|---|---|
| Rule 3 | Actions Subject to ADR |
| Rule 4(d)(1)(3)(4) &(5) | Appointment of Mediator by Family Court |
| Rule 5(g) | Scheduling in Family Court |
| Rule 6(g) | Agreement in Family Court |
| Rule 7(f) | Reporting Results of Conference |
| Rule 9 | Compensation of Neutral |

**ALL OTHER CONTESTED ACTIONS**

| | |
|---|---|
| Rule 3 | Actions Subject to ADR |
| Rule 4(d)(2)(3)(4) &(5) | Appointment of Mediator by Family Court |
| Rule 5(g) | Scheduling in Family Court |
| Rule 6(g) | Agreement in Family Court |
| Rule 7(f) | Reporting Results of Conference |
| Rule 9 | Compensation of Neutral |

**Indigent Cases:** Where a mediator has been appointed, a party may move before the Chief Judge for Administrative Purposes to be exempted from payment of neutral fees and expenses based upon indigency. Applications for indigency shall be filed no later than ten (10) days after the ADR conference has been concluded. Determination of indigency shall be in the sole discretion of the Chief Judge for Administrative Purposes.

**Please Note: Attendance at mediated settlement conferences is mandatory. You must comply with the Supreme Court rules regarding court-ordered mediation. Failure to do so may affect your case and may result in sanctions.**

**Note:** Frivolous civil proceedings are subject to sanctions pursuant to Rule 11, SCRCP and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. § 15-36-10 et seq.

SCCA 467 (12/2015)

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE FAMILY COURT FOR THE |
| | ) | NINTH JUDICIAL CIRCUIT |
| COUNTY OF CHARLESTON | ) | |
| Kristin M. Golestan, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **SUMMONS FOR RELIEF** |
| vs. | ) | |
| | ) | |
| Amir Golestan, | ) | Docket No. |
| | ) | 2018-DR-10-_____ |
| Defendant. | ) | |
| | ) | |

TO DEFENDANT ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the COMPLAINT in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to said COMPLAINT on the subscriber at 791 Greenlawn Drive, Suite 4, Columbia, South Carolina, 29209-2641 or Post Office Box 90860, Columbia, South Carolina, 29290-1860 within thirty (30) days from the service hereof, exclusive of the date of such service, and in case of the failure to do so, judgment by default may be rendered against you for the relief demanded in the Complaint.

McDougall, Self, Currence & McLeod, LLP

By: _____
JOHN O. MCDOUGALL

791 Greenlawn Drive, Suite 4
Post Office Box 90860
Columbia, SC 29290

Telephone: (803) 776-3130
Facsimile: (803) 776-7748

ATTORNEYS FOR PLAINTIFF

December 13, 2018

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE FAMILY COURT FOR THE |
| COUNTY OF CHARLESTON ) | NINTH JUDICIAL CIRCUIT |
| Kristin M. Golestan, ) | |
| Plaintiff, ) | **COMPLAINT** |
| ) | **(Decree of Separate Maintenance and** |
| vs. ) | **Support; *et al*)** |
| Amir Golestan, ) | Docket No. |
| Defendant. ) | 2018-DR-10-_____ |

Plaintiff alleges:

### (Jurisdiction)

1.  Plaintiff and Defendant are residents of the State of South Carolina and have been for more than three months prior to the commencement of this action, the parties last resided together in Charleston County, South Carolina.

2.  Plaintiff and Defendant are wife and husband having been married on September 20, 2012, in New York City, New York.

3.  Of this marriage was born the following children, to wit: FG, born in February 2017 and SG, born in October 2013.

4.  In accordance with the Uniform Child Custody Jurisdiction Act, the following information is furnished (Section 20-7-800):

    A.  The parties' children, FG, and SG, presently resides with Plaintiff at ███ ████████; Charleston, South Carolina.

    B.  From February 2018 to present: FG and SG lived at the present address ████████████; Charleston, South Carolina living with both Plaintiff and Defendant until Defendant moved out of the marital home on November 26, 2018.

Kristin M. Golestan v. Amir Golestan  
Docket #2018-DR-10-_____

Page 1 of 14  
Complaint

C. From FG's date of birth in February 2017 until February 2018, FG and SG lived at ▇▇▇▇▇▇; Meggett, South Carolina.

D. From December 2015 until February 2017: SG lived at ▇▇▇▇▇▇; Meggett, South Carolina, living with both Plaintiff and Defendant.

E. From December 2014 until December 2015: SG lived at ▇▇▇▇▇▇, ▇▇▇▇▇▇ Charleston, South Carolina, living with both Plaintiff and Defendant.

F. From August 2014 until December 2014: SG lived at ▇▇▇▇▇▇; Myrtle Beach, South Carolina, living with both Plaintiff and Defendant.

G. From SG's date of birth in October 2013, SG lived at ▇▇▇▇▇▇, ▇▇; Atlanta, Georgia, living with both Plaintiff and Defendant.

H. Plaintiff has not participated as a party, witness, or in any other capacity in any other litigation concerning custody of FG and SG in this or any other state.

I. Plaintiff has no information of any custody proceeding concerning FG and SG pending in a court of this or any other state.

J. Plaintiff knows of no person not a party to the proceedings who has physical custody of FG and SG or claims to have custody or visitation rights with respect to them.

### FOR A FIRST CAUSE OF ACTION
### (For Decree of Separate Maintenance and Support)

5. Defendant's conduct and demeanor toward Plaintiff has resulted in making it impractical, if not impossible, for the parties to continue to live together and cohabit as

husband and wife and has made Plaintiff to be in fear of her safety of and from Defendant.

6. On or about November 26, 2018, Defendant moved out of the marital home of the parties at ▉▉▉▉▉▉▉▉▉▉; Charleston, South Carolina; and Defendant began living fulltime at the parties' country home in Meggett, South Carolina and the parties have lived separate and apart since that time.

7. Defendant has a violent temper and often goes into fits of rage without just cause or provocation. During these rages, he is very threatening, he is emotionally and verbally abusive, he is irrational and unpredictable toward Plaintiff, the children of the parties, and others. When Defendant goes into these fits of rage, Plaintiff becomes in fear of her safety, and the safety of others, from Defendant. Defendant, when he becomes angry and abusive, periodically loses control and takes his anger out on Plaintiff and the children of the parties. Defendant has threatened to divorce Plaintiff on many occasions.

8. Defendant is very critical of Plaintiff and has been throughout the marriage of the parties. He denigrates her and calls her a filthy bitch, horrible individual, cunt, pathetic, fat, ugly, slob, gross, loser, whore, gold digger, selfish, idiot, pathetic cow, etc. Defendant has been physically abusive to Plaintiff, he has grabbed her about her arms and wrists, leaving bruises, pushed her while she was pregnant, he has spit in her face, he has stomped on her toes and he grabbed and squeezed her fingers to the point that it resulted in excruciating pain to her.

9. Defendant has told Plaintiff that he hates her and that he has threatened to take the son away from Plaintiff, that he will get the best lawyer and that Plaintiff will

never see the son again, that he is going to leave me, that he wants a divorce; Defendant has told Plaintiff that she makes him want to kill himself.

10. The marital relationship between the parties is irretrievably broken due to the misconduct of Defendant and Plaintiff is informed and believes that she is entitled to a Decree of Separate Maintenance and Support of and from Defendant due to this misconduct.

## FOR A SECOND CAUSE OF ACTION
### (For Custody/Visitation)

11. Plaintiff reiterates each and every material allegation of her FIRST CAUSE OF ACTION as if same were repeated herein verbatim.

12. Plaintiff is, and has been since the birth of the children, the primary custodial parent of the minor children of the parties.

13. Defendant has dual citizenship between the United States of America and Iran. Plaintiff is fearful that Defendant will attempt to remove the children from the United States of America.

14. Defendant has threatened to take the children to Iran and he has threatened that he will not permit Plaintiff to see them at any time in the future.

15. Defendant has informed Plaintiff that he intends to obtain dual citizenship for the children as citizens with the United States of America and Iran.

16. Plaintiff requests an Emergency Hearing prohibiting the Defendant from removing the parties' children from the State of South Carolina, *pendente lite* and permanently.

17. Plaintiff is in control and possession of the passports of the parties' children.

18. When Defendant has the children in his care, he periodically transports them without having them properly secured in an appropriate car seat.

19. Plaintiff has been primarily responsible for the necessary care, control and maintenance of the parties' children from the times of their births to the present.

20. Plaintiff is informed and believes that she is a fit and proper person to be awarded the sole care, custody and control of the parties' children, *pendente lite* and permanently, subject to reasonable but specified rights of visitation being extended to Defendant.

21. Plaintiff is informed and believes that Defendant should be required to transport the minor children secured properly in car seats and/or booster seats as required by State law, *pendente lite* and permanently.

## FOR A THIRD CAUSE OF ACTION
### (For Appointment of Guardian *ad Litem*/Psychological Evaluations)

22. Plaintiff reiterates each and every material allegation of her FIRST and SECOND CAUSES OF ACTION as if same were repeated herein verbatim.

23. Plaintiff is informed and believes that if Defendant contests Plaintiff having custody of the minor children, *pendente lite* and/or permanently, a Guardian ad Litem should be appointed to represent the best interest of the parties' children with Defendant being required to pay the Guardia ad Litem fees and costs *pendente lite* and permanently.

24. Plaintiff is informed and believes that if Defendant contests Plaintiff having custody of the minor children, *pendente* litem and/or permanently, that psychological evaluations be performed on the parties, to include a child custody evaluation, with Defendant being required to pay the costs of the psychological evaluations, *pendente lite* and permanently.

## FOR A FOURTH CAUSE OF ACTION
### (For Spousal and Child Support)

25. Plaintiff reiterates each and every material allegation of her FIRST, SECOND and THIRD CAUSES OF ACTION as if same were repeated herein verbatim.

26. Defendant asserts that Plaintiff is an employee of MICFO earning an income of between $█████ and $█████ per year, however, Plaintiff does not receive such income.

27. Plaintiff has a Caregiver (Helper) and a housekeeper who are paid as employees of MICFO. The Caregiver (Helper) normally works from 9:00 am to 5:00 pm, Monday through Friday and the House Keeper normally works Monday, Wednesday and Friday from approximately 9:30 am to 1:30 pm.

28. The Plaintiff has numerous credit cards in her name. However, she does not have access to these credit cards and Plaintiff currently is permitted only to use one credit card, Citibank Mastercard, which Defendant, from time to time places a low limit. In addition, Plaintiff has a debit card with JP Morgan, which is primarily controlled by Defendant. Since November 26, 2018 Defendant has cancelled her credit card with American Express which Plaintiff normally used.

29. Plaintiff is informed and believes that she is entitled to child support to include a requirement that Defendant be responsible for the children's' hospital, medical, dental, ophthalmologic, orthodontic, pharmaceutical or similar bills, *pendente lite* and permanently.

30. The minor child, SG is attending █████████, a private school in Charleston County, South Carolina. Plaintiff is informed and believes that Defendant should be

required to pay for the costs incurred for the minor child to continue to attend private school, *pendente lite* and permanently.

31.  The minor child, SG, also has some OT and speech delay issues; he works with a therapist to assist with these problems. He also has certain issues with behavioral problems. SG works with an occupational therapist once a week and behavioral therapist twice a week. Additionally, SG is in need of psychological counseling and requires services of a qualified child psychologist.

32.  Plaintiff is informed and believes that Defendant should be required to maintain the payments to the therapist and tutor, *pendente lite* and permanently.

33.  Other than the limited use of the Citibank Mastercard and the debit card, Plaintiff has no other means of support and she is entirely dependent upon Defendant for support for herself and the minor children of the parties.

34.  As to the Caregiver (Helper) and Housekeeper, who are paid employees of MICFO, Plaintiff is informed and believes that Defendant should be required to continue to pay for the Caregiver (Helper) and Housekeeper for Plaintiff and minor children of the parties, during the pendency of this action.

35.  Defendant has medical and health insurance on Plaintiff and Defendant. Defendant is also maintaining a life insurance policy(ies) on his life, Plaintiff's life and the lives of the children of the parties.  Plaintiff is informed and believes Defendant should be required to maintain the medical and health insurance that he is maintaining for the benefit of the parties and their children, and the life insurance policies that he was maintaining on his life, on Plaintiff's life, and the lives of the children, without change of beneficiaries, *pendente lite* and permanently, and for as long as he has a duty and/or obligation to provide support to Plaintiff or for the parties' children.

36.  Plaintiff is informed and believes that she and the minor children of the parties are beneficiaries of a certain Trust(s) to include the ▮▮▮▮▮▮▮

37.  Plaintiff is informed and believes that she is entitled to be awarded child support from the Defendant for the minor children of the parties *pendente lite* and permanently.

38.  Plaintiff is informed and believes that she is entitled to an award of spousal support in such forms of amounts as are provided under §20-3-130 South Carolina Code annotated (1976, as amended), *pendente lite* and permanently.

39.  Plaintiff is informed and believes that she in entitled to exclusive use and possession of the marital home and its contents located at ▮▮▮▮▮▮▮; Charleston, South Carolina, *pendente lite* and permanently, together with the motor vehicle which she drives, and all furniture (to include furniture purchased in London which may or may not have been shipped), appliances, and miscellaneous personal property in and/or about the marital home, with Defendant being required to maintain the taxes, insurance, monthly indebtedness, utilities, Plaintiff's cellular phone and maintenance regarding the home and motor vehicle during the pendency of this action.

### FOR A FIFTH CAUSE OF ACTION
### (For Equitable Division of Marital Assets and Liabilities)

40.  Plaintiff reiterates each and every material allegation of her FIRST, SECOND, THIRD and FOURTH CAUSES OF ACTION as if same were repeated herein verbatim.

41.  Around the year 2013, the parties were essentially broke and unable to pay their expenses. Plaintiff's father assisted the parties financially both in their personal and

business finances. In fact, the parties lived with Plaintiff's parents during this financial hardship.

42.   Plaintiff is informed and believes that Defendant has established foreign bank accounts, and perhaps offshore bank accounts, in which he has diverted funds.

43.   Plaintiff is informed and believes that an Emergency Restraining Order should be issued prohibiting Defendant from transferring any assets into these or any other trust accounts and from changing the beneficiaries of any of these Trusts during the pendency of this action.

44.   Throughout the parties' marriage they have acquired substantial marital properties, both real and personal, in various forms of ownership to which each has made material contributions, both direct and indirect. Likewise, the parties have also acquired marital liabilities.

45.   Plaintiff is informed and believes that the marital assets and debts of the parties should be identified, valued, and equitably apportioned between the parties.

46.   Plaintiff is informed and believes that the parties purchased approximately $■■■ worth of furniture for the marital home of the parties located on ■■■ for the home of the parties and Meggett. This property is in storage in London and the Plaintiff is informed and believes Defendant should be restrained and strictly enjoined from disposing of that property.

### FOR A SIXTH CAUSE OF ACTION
### (For Restraining Orders)

47.   Plaintiff reiterates each and every material allegation of her FIRST, SECOND, THIRD, FOURTH and FIFTH CAUSES OF ACTION as if same were repeated herein verbatim.

48. Defendant has dual citizenship between the United States of America and Iran. Plaintiff is fearful that Defendant will attempt to remove the children from the United States of America as he has threatened to do so. Plaintiff requests a Restraining Order prohibiting the removal of the parties' children from the State of South Carolina, *pendente lite* and permanently.

49. Plaintiff is informed and believes that Defendant has interest in one or more trust accounts. Plaintiff requests a Restraining Order prohibiting Defendant from transferring any assets into these or any other trust accounts, during the pendency of this action.

50. Plaintiff does not know what reaction that Defendant will have once he is served with the pleadings in this matter. Plaintiff is fearful of her safety of and from Defendant once he has been served and she requests that an immediate Restraining Order be entered restraining and strictly enjoining Defendant from bothering, abusing, threatening abuse, harassing, or in any manner interfering with Plaintiff pending the temporary hearing in this matter.

51. Plaintiff is informed and believes that Defendant should be restrained and strictly enjoined from bothering, abusing, threatening abuse, harassing, in a manner interfering with the Plaintiff temporarily and permanently.

52. The marital estate is comprised of assets that can easily be dissipated and/or encumbered by either party absent an order of this court prohibiting such actions. Plaintiff is informed and believes that it will serve both parties best interests for them to be restrained and enjoined from disposing of and/or further encumbering any property presently titled in his or her name and/or under his or her primary possession and control

until such time as this case is concluded except during Plaintiff's normal course of business, *pendente lite*.

53.   Plaintiff is informed and believes that Emergency Hearing for the Court to issue an immediate Restraining Order restraining and strictly enjoining Defendant from selling, encumbering, destroying, giving away, or in any manner disposing of any assets pending the temporary hearing in this matter, with such Restraining Order not interfering with Defendant's ordinary operation of his businesses.

## FOR A SEVENTH CAUSE OF ACTION
### (For Attorney's Fees, Costs and Suit Money)

54.   Plaintiff reiterates each and every material allegation of her FIRST, SECOND, THIRD, FOURTH, FIFTH, and SIXTH CAUSES OF ACTION as if same were repeated herein verbatim.

55.   As a direct and proximate result of the misconduct of Defendant, Plaintiff has found it necessary to institute these proceedings, and thereby has incurred substantial attorney's fees, costs and suit money.

56.   Plaintiff has insufficient assets or income with which to compensate her attorney fees, costs and suit money, on a *pendente lite* and permanent basis.

57.   Plaintiff is informed and believes that she is entitled to an award of *pendente lite* attorney's fees, costs, and suit money to include the payment of a forensic accountant fees and costs, as well as such an award on a permanent basis to enable her to properly and adequately prepare and present her case.

**WHEREFORE**, Plaintiff prays for the following relief:

1.   For a Decree of Separate Maintenance and Support of and from Defendant.

2. For an Emergency Hearing granting Plaintiff the temporary relief requested in her Complaint, *pendente lite* and permanently.

3. For the primary care, custody and control of the parties' children, *pendente lite* and permanently, subject to reasonable but specified rights of visitation being extended to Defendant.

4. If Defendant contests Plaintiff having custody of the minor children, *pendente* litem and/or permanently, that a Guardian *ad Litem* be appointed to represent the best interests of the parties' children with Defendant being required to pay the Guardian *ad Litem's* fees and costs, *pendente lite* and permanently.

5. If Defendant contests Plaintiff having custody of the minor children, *pendente* litem and/or permanently, that psychological evaluations be performed on the parties, to include a child custody evaluation, with Defendant being required to pay the costs of the psychological evaluations, *pendente lite* and permanently.

6. For an Order requiring Defendant to appropriately transport the minor children secured properly in car seats and/or booster seats as required by State law, *pendente lite* and permanently.

7. For an award of child support child support to include a requirement that Defendant be responsible for the children's' hospital, medical, dental, ophthalmologic, orthodontic, pharmaceutical or similar bills, *pendente lite* and permanently.

8. For Defendant to be required to pay for the costs incurred for the minor child to continue to attend private school, *pendente lite* and permanently.

9. For Defendant to be required to maintain pay for the Caregiver (Helper) and House Keeper and provide assistance to the Plaintiff during the pendency of this action.

10.    For Defendant to be required to continue to pay for the Caregiver (Helper) and Housekeeper, who are paid employees MICFO, during the pendency of this action.

11.    For Defendant to be required to maintain the medical and health insurance that he is maintaining for the benefit of the parties and their children, and the life insurance policies that he was maintaining on his life, on Plaintiff's life, and the lives of the children, without change of beneficiaries, *pendente lite* and permanently, and for as long as he has a duty and/or obligation to provide support to Plaintiff or for the parties' children.

12.    For Plaintiff to be awarded spousal support in such forms of amounts as are provided under §20-3-130 South Carolina Code annotated (1976, as amended), *pendente lite* and permanently.

13.    For an Order to be issued prohibiting Defendant from transferring any assets into any trust and changing beneficiaries of the Trusts during the pendency of this action.

14.    For an Order requiring Defendant to, financially, continue to provide for Plaintiff and the minor children of the parties in a manner in which he was doing prior to his leaving the marital home on November 26, 2018, during the pendency of this action.

15.    For exclusive use and possession of the marital home and its contents located at ▮▮▮▮▮▮▮▮▮▮; Charleston, South Carolina, *pendente lite* and permanently, together with the motor vehicle which she drives, and all furniture (to include furniture purchased in London which may or may not have been shipped), appliances, and miscellaneous personal property in and/or about the marital home, with Defendant being required to maintain the taxes, insurance, monthly indebtedness, utilities, and maintenance regarding the home and motor vehicle during the pendency of this action.

16. For the marital assets of the parties to be identified, valued, and equitably apportioned between the parties.

17. For a Restraining Order prohibiting the Defendant from removing the parties' children from the State of South Carolina, *pendente lite* and permanently.

18. For a Restraining Order prohibiting Defendant from transferring any assets into these or any other trust accounts, during the pendency of this action.

19. For an Restraining Order restraining and strictly enjoining Defendant from bothering, abusing, threatening abuse, harassing, or in any manner interfering with Plaintiff, *pendente Lite* and permanently.

20. For an award of attorney's fees, costs and suit money, to include the payment of a forensic accountant fees and costs, *pendente lite* and permanently.

21. For such other and further relief as this Court may deem just and proper.

McDougall, Self, Currence & McLeod, LLP

By: _____
JOHN O. MCDOUGALL

791 Greenlawn Drive, Suite 4
Post Office Box 90860
Columbia, SC  29290

Telephone:  (803) 776-3130
Facsimile:   (803) 776-7748

ATTORNEYS FOR PLAINTIFF

December __13__, 2018

STATE OF SOUTH CAROLINA

COUNTY OF CHARLESTON-

VERIFICATION



PERSONALLY APPEARED before me the Plaintiff, Kristin M. Golestan, in the foregoing action who, being duly sworn, says:

1. That this Deponent has read the allegations contained in the attached pleadings consisting of 14 pages.

2. That the attached pleadings were prepared by this Deponent's attorney based upon information this Deponent has personally furnished to said attorney.

3. That the allegations contained in the attached pleadings are true and correct; and are based upon the personal knowledge of this Deponent, except for those allegations which are based upon this Deponent's information and belief and, as to those, this Deponent verily believes the same to be true.

4. That this Deponent has authorized said attorney to file the attached pleading, to present the same to the Court, and secure any necessary Orders based thereon, and to secure service upon the adverse party of the attached pleading and necessary process based thereon.

KRISTIN M. GOLESTAN

SWORN to and subscribed before me
this 13 day of December, 2018.

NOTARY PUBLIC FOR SOUTH CAROLINA
My Commission Expires: 5-18-22